Filing # 52374605 E-Filed 02/10/2017 05:13:55 PM

**IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

| | |
|---|---|
| **BARNEY HARVEY,** | Case Number: _____ |
| *Plaintiff,* | |
| v. | |
| **COMMONWEALTH FINANCIAL SYSTEMS, INC. and PENDRICK CAPITAL PARTNERS, LLC,** | |
| *Defendants.* | **Jury Trial Demanded** |

## COMPLAINT

**COMES NOW** the Plaintiff, BARNEY HARVEY, ("**Mr. Harvey**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, COMMONWEALTH FINANCIAL SYSTEMS, INC. ("**Commonwealth**"), and PENDRICK CAPITAL PARTNERS, LLC ("**Pendrick**") and states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Harvey against Commonwealth and Pendrick for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and the Florida Consumer Collection Practices Act ("**FCCPA**"), Section 559.55, Florida Statutes, *et. seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) the FCCPA, Section 559.77(1), Florida Statutes, and Section 34.01, Florida Statutes.

3.      Commonwealth and Pendrick are subject to the provisions of the FDCPA and FCCPA, and are subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4.      Venue is proper in Hillsborough County, Florida, pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and/or caused by the Defendants therein.

## PARTIES

5.      Mr. Harvey is a natural person residing in Hillsborough County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes.

6.      Commonwealth is a Pennsylvania corporation with a primary business address of **245 Main Street, Dickson City, PA 18519**.

7.      Commonwealth is registered with the Florida Secretary of State as a Foreign Corporation and its Florida registered agent is **CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

8.      Commonwealth is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, in that it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another entity.

9.      Commonwealth is licensed as a consumer collection agency ("CCA") by the Florida Office of Financial Regulation and holds license number **CCA0900908**.   **SEE PLAINTIFF'S EXHIBIT A.**

10.    Pendrick is a Delaware limited liability company with a primary business address of **1714 Hollinwood Drive, Alexandria, VA 22307**.

11.     Pendrick is registered as a foreign limited liability company in the State of Florida and its registered agent in Florida is **CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.**

12.     Pendrick is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, in that it regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13.     Pendrick is licensed as a CCA by the Florida Office of Financial Regulation and holds license number CCA9902797. **SEE PLAINTIFF'S EXHIBIT B.**

## FACTUAL ALLEGATIONS

14.     Mr. Harvey is an honorably discharged veteran of the United States Navy as well as the United States Marines.

15.     Due to injuries suffered while serving in Vietnam with the United States Marines, Mr. Harvey now receives disability benefits, including medical insurance, through the Veterans Department of Veterans Affairs. **SEE PLAINTIFF'S EXHIBIT C.**

16.     Mr. Harvey is rated one hundred (100) percent disabled for the purpose of calculating his benefit amount. **Id.**

17.     On October 13, 2011, Mr. Harvey received emergency medical treatment at Brandon Regional Hospital by Oakfield Drive Emergency Physicians ("**Oakfield**").

18.     Mr. Harvey provided Oakfield with his health insurance information so that Oakfield could bill his insurance provider.

19.     For unknown reasons, Oakfield either failed to bill Mr. Harvey's insurance provider, or did bill his provider and failed to post payment properly to Mr. Harvey's account. In

either case, Oakfield later claimed that debts in the amount of $534 and $590 remained unpaid and due by Mr. Harvey.

20.     The debt arose from services which were for family, personal, or household purposes, specifically medical treatment, and therefore meets the definitions of debt within the FDCPA, 15 U.S.C. § 1692a(5).

21.     On information and belief, Oakfield never informed Mr. Harvey that the alleged debts existed or attempted to collect the alleged debts from him.

22.     Instead, sometime prior to June 2015, Oakfield sold the alleged debts to Pendrick.

23.     Thereafter, around June 2015, Pendrick placed the debts with Commonwealth for collection.

24.     Around July 2015, Commonwealth began reporting the alleged debts to the Credit Reporting Agency ("CRA") Experian. **SEE PLAINTIFF'S EXHIBIT D.**

25.     Commonwealth reported the debts under its account numbers D66739353N1 and D66739358N1.

26.     In December 2015, Mr. Harvey disputed the Commonwealth tradelines to Experian, stating that he was not liable for the alleged debts.

27.     Experian, in turn, sent Commonwealth two Automated Consumer Dispute Verification ("ACDV") requests, and asked that Commonwealth make a reasonable investigation into the matter.

28.     Within a few days, Commonwealth responded that its reports were accurate and instructed Experian to continue to report both tradelines as "disputed by consumer." **Id**.

29.     In January 2016, Mr. Harvey complained to the Consumer Financial Protection Bureau ("CFPB") regarding Commonwealth's collection of the two debts and confirming them as accurate when they were not.

30.     Later that same month, Mr. Harvey's CFPB complaint was answered by a Commonwealth agent identifying herself as Stephanie Dalykas ("**Dalykas**"), who stated that the accounts were "closed and returned" to their client, Pendrick, and that "(d)eletion updates were sent to the three major credit reporting agencies," and that Dalykas would also send Mr. Harvey a "deletion letter." **SEE PLAINTIFF'S EXHIBIT E.**

31.     Despite stating the accounts were "closed and returned" and that it would delete the tradelines from the CRAs, Commonwealth re-reported the identical debts in September 2016, this time utilizing account numbers D83786669N1 and D83786670N1. **SEE PLAINTIFF'S EXHIBIT F.**

32.     Commonwealth re-reported the tradelines again in October 2016.

33.     In neither report did Commonwealth report the debts as "disputed," despite clear knowledge, both from the December 2015 disputes to Experian and the January 2016 dispute to the CFPB, that the debts were "disputed." **Id.**

34.     Commonwealth was also aware that the debts should have been submitted for insurance reimbursement, and if they were not, then nonpayment was due to Oakfield's negligence.

35.     Upon information and belief, Experian, like other major CRAs, employs automated systems to prevent reinsertion of deleted information into a consumer's credit file, to comply with the requirements of the FCRA. When a furnisher of data reports a tradeline to Experian, its automated systems compare the information against previously-deleted information, to ensure that deleted data does not get reinserted.

36.     However, if a furnisher of data alters the account number, the automated system will generally fail to detect that the tradeline is a duplicate of a previously-deleted tradeline.

37.     Thus, by altering the account numbers, Commonwealth was able to circumvent Experian's automated systems and insert previously-deleted information onto Mr. Harvey's credit report.

38.     Pendrick knew or should have known that it was placing debts with Commonwealth, for which it was not entitled to payment from Mr. Harvey.

39.     On information and belief, in or around August 2016, pursuant to 15 U.S.C. § 1692g(a), Mr. Harvey received correspondence that stated he had the right to dispute the debts, or any portion thereof, the right to request validation of the debts, the right to request the name and address of the original creditor, since it was different from that of the current creditor; and that Commonwealth would assume the debts to be valid if Mr. Harvey did not dispute the debt within 30 days of receipt of the notice.

40.     However, the debts referred to in this communication were already disputed, confusing Mr. Harvey and causing him distress.

41.     Despite being informed of a dispute in January 2016 due to coverage by insurance by its agent, Commonwealth, Pendrick instructed Commonwealth around August 2016 to continue collection efforts against Mr. Harvey.

42.     The reporting and re-reporting of the debts lowered Mr. Harvey's credit score and reduce his ability to obtain credit on favorable terms.

43.     Additionally, the effort required to contest the debts and the confusion stemming from the foregoing actions of the Defendants caused Mr. Harvey mental and emotional distress.

44.     Reporting, and re-reporting, a debt to a CRA is an attempt to collect the debt.

45.     Each of Commonwealth's reports and re-reports to the CRAs, as well as its letters to Mr. Harvey, were "communications" as defined by 15 U.S.C. § 1692a(2).

46.     On information and belief, at all times relevant to this matter, Commonwealth was acting as Pendrick's agent, on Pendrick's behalf, and under Pendrick's direction. As such, Pendrick is jointly and severally liable for the actions of Commonwealth which acted as Pendrick's agent.

47.     Mr. Harvey has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et. seq.

48.     Mr. Harvey adopts and incorporates paragraphs 1 – 47 as if fully restated herein.

49.     The Defendants violated 15 U.S.C. § 1692e(8) when Commonwealth communicated information known to be disputed and failed to disclose the debts were disputed when it reported the two debts to Experian in September and October 2016.

50.     The Defendants violated 15 U.S.C. § 1692e(8) when Commonwealth reported the two debts to Experian in September and October 2016, knowing that the debts were not financial obligations of Mr. Harvey's.

51.     The Defendants violated 15 U.S.C. § 1692e(2)(A) when Commonwealth twice reported information it knew was disputed to a CRA and reported it as undisputed, thereby creating a false representation about the character, amount, or legal status of a debt.

52.     The Defendant's conduct violated 15 U.S.C. § 1692e(2)(A) in that Commonwealth sent communication in August 2016 stating that Mr. Harvey had to dispute the two debts within 30 days or else Commonwealth would consider them valid, when in fact Mr. Harvey had disputed those same debts more than a half-year prior, thus creating a false representation about the character, amount, or legal status of a debt.

53.     The Defendant's conduct violated **15 U.S.C. § 1692e and 1692e(10)** in that Commonwealth: 1) reported disputed debts as undisputed in September and October 2016; 2) sent communication in August 2016 stating that Mr. Harvey had to dispute the two debts within 30 days or else Commonwealth would consider them valid, when in fact Mr. Harvey had disputed those same debts more than a half-year prior; and 3) reported debts to the CRAs after it had stated, in writing, it was closing the files and returning them to Pendrick, and deleting its information from the CRAs.

54.     The Defendant's conduct violated **15 U.S.C. § 1692f** in that Commonwealth, acting as Pendrick's agent, used unfair or unconscionable means to collect or attempt to collect a debt when it: 1) reported that a disputed debt was not disputed; 2) sent communication in August 2016, stating that Mr. Harvey had a right to demand validation of a debt pursuant to 1692g(a), when in fact the 30-day validation period had long since lapsed ; 3) sent communication in August 2016 stating Mr. Harvey had to dispute the two debts within 30 days or else Commonwealth would consider them valid, when in fact Mr. Harvey had disputed those same debts more than a half-year prior; and 4) reported debts to the CRAs after it had stated, in writing, it was closing the file and returning it to Pendrick, and deleting its information from the CRAs, by altering the reported account numbers, in order to circumvent automated systems used by the CRAs to prevent the reappearance of the deleted data.

55.     The Defendants' conduct renders them jointly and severally liable for the above-stated violations of the FDCPA, and Mr. Harvey is therefore entitled to statutory damages not to exceed $1,000.00 as well as other relief.

**WHEREFORE,** Mr. Harvey respectfully requests this Honorable Court enter judgment against Commonwealth and Pendrick, jointly and severally, and for him as follows:

a.     Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Actual damages, for economic harm as well as emotional distress, pursuant to 15

U.S.C. § 1692k(a)(1);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.      Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCCPA- Section 559.55, Florida Statutes, et. seq.

56.   Mr. Harvey adopts and incorporates paragraphs 1 – 47 as if fully restated herein.

57.   The Defendant's conduct violated Section 559.72(9), Florida Statutes, in that Commonwealth knowingly attempted to collect debts it had reason to know were not legitimate, and had stated, in writing, that it would stop collecting and delete from the CRAs, but then later sought to collect, and re-reported to the CRAs under different account numbers to circumvent CRA systems.

58.   The Defendants' conduct was willful and intentional based on their initial correction of the disputed debt, and subsequent attempt to collect on that same debt.

59.   The Defendants are liable for the above-stated violations of the FCCPA, and Mr. Harvey is entitled to statutory damages as well as recovery of his attorneys' fees and expenses.

**WHEREFORE**, Mr. Harvey respectfully requests this Honorable Court enter judgment against Commonwealth and Pendrick, jointly and severally, and for him as follows:

a.      Statutory damages of **$1,000** pursuant to section 559.77(2), Florida Statutes;

b.      Unspecified actual damages pursuant to section 559.77(2), Florida Statutes;

c.      Injunctive relief prohibiting the Defendants from attempting to collect a debt from

Mr. Harvey in any manner contrary to Florida Statutes;

d.      Reasonable costs and attorney's fees pursuant to pursuant to section 559.77(2),

Florida Statutes; and,

e.      Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

60.     Mr. Harvey demands a trial by jury on all issues.


Respectfully submitted this 10th day of February, 2017

/s/ *Thomas M. Bonan*
Thomas M. Bonan
Florida Bar # 118103
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
tbonan@seraphlegal.com
Attorney for Plaintiff